UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

CHRISTOPHER SADOWSKI,         :

                      Plaintiff,       :        <u>REPORT AND</u>

                                      :        <u>RECOMMENDATION</u>

       -against-                 :

                                      :        21-CV-7207 (AMD)(MMH)

YESHIVA WORLD NEWS, LLC,       :

                                        :

                        Defendant.       :

---------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Christopher Sadowski sued Defendant Yeshiva World News, LLC, alleging infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* (*See generally* Compl., ECF No. 1.)[1] Before the Court is Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2) and Local Civil Rule 55.2. (*See generally* Mot., ECF No. 11.)[2] The Honorable Ann M. Donnelly referred the motion for report and recommendation.

For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion should be **granted in part** as follows: (1) a default judgment should be entered against Defendant; (2) a preliminary injunction should be issued against Defendant to remove the Photograph from its website and to refrain permanently from infringing upon Plaintiff's

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

[2] Plaintiff attaches to the motion a memorandum of law ("Mem.") and the following: (1) Plaintiff's declaration (ECF No. 11-1) ("Pl.'s Decl.") and its exhibits ("Pl.'s Decl., ECF No. ___"); (2) Plaintiff's counsel's declaration ECF No. 11-2 ("DeSouza Decl.") and its exhibits; (3) a proposed final judgment and permanent injunction (ECF No. 11-3); and (4) the certificate of default (ECF No. 11-4); and (5) the Complaint (ECF No. 11-5).

copyright; and (3) Plaintiff should be awarded damages in the total sum of $11,197, which includes: (a) $7,500 in statutory damages, (b) $3,125 in attorney's fees, and (c) $572 in costs.

## I.    BACKGROUND

### A.    Factual Allegations

The Complaint alleges the following facts, which are assumed to be true for the purposes of this motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015) (explaining that courts may "enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true" and that a plaintiff "is entitled to all reasonable inferences").

Plaintiff is a self-employed professional photographer who specializes in high-end photography for a wide range of newspapers and magazines. (Compl. ¶¶ 6–9.) Plaintiff maintains a commercial website and charges a one-time license fee for customers to use his photographs. (*Id.* ¶¶ 10–11.) Defendant is a Brooklyn-based, independent news source with freelance reporters and photographers and marketed to the orthodox Jewish community. (*Id.* ¶ 15.)

In or about 2017, Plaintiff created and registered the copyright of a photograph depicting the exterior of a Home Depot in Paterson, New Jersey, titled "012517homedepot14CS, 5/19/2017" (the "Photograph"). (*Id.* ¶¶ 12–13; *see also id.* Ex. A, ECF No. 1 at 12 (Certificate of Registration listing the Photograph).) In or about January 2018, Defendant published the Photograph on its business website, for commercial use, without seeking or obtaining Plaintiff's permission. (Compl. ¶¶ 16, 18–20; *see id.* Ex. B, ECF No. 1

at 16–17 (screenshots).)[3]  Plaintiff discovered Defendant's use of the Photograph in October 2021.  (Compl. ¶ 21.)  Plaintiff notified Defendant in writing of the unauthorized use and unsuccessfully attempted to negotiate a reasonable license of the past infringement.  (*Id.*)

### B.    Procedural History

Plaintiff initiated this action in December 2021. (Compl., ECF No. 1.)  Subsequently, Plaintiff served Defendant with the Summons and Complaint through New York's Secretary of State.  (*See* ECF No. 8.)  After Defendant failed to appear or otherwise respond to the Complaint, the Clerk of Court entered default in April 2022.  (ECF No. 10.)  Plaintiff moved for default judgment, seeking actual and statutory damages, costs, attorney's fees, and a permanent injunction preventing Defendant or any of its affiliates from committing any further infringement.  (*See generally* Mot., ECF No. 11.)  Judge Donnelly referred the motion for report and recommendation.  (June 10, 2022 Order.)  In response to this Court's directive, Plaintiff submitted supplemental materials regarding compliance with service requirements under Local Civil Rules 7.1(a) and 55.2(c).  (Jan. 11, 2023 Order; Suppl. Certificate of Service, ECF No. 12.)

To date, Defendant still has not appeared in this case or responded to Plaintiff's motion.

## II.    <u>STANDARD FOR DEFAULT JUDGMENT</u>

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment.  Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104

---

[3] As of the date of this Report and Recommendation, Defendant continues to display the Photograph on its website.  *Home Depot to Give Employees $1,000 Bonus Following Tax Reform*, The Yeshiva World (Jan. 25, 2018, 9:00 PM), https://www.theyeshivaworld.com/news/general/1456657/home-depot-to-give-one-time-bonus-of-up-to-1000.html (last visited Mar. 16, 2023).

(2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y. Mar. 9, 2021). First, when the plaintiff shows, such as by affidavit, that a defendant has "failed to plead or otherwise" defend against an action, the Clerk of Court shall enter a default. Fed. R. Civ. P. 55(a). Second, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). A court may enter default judgment if the plaintiff establishes liability as a matter of law when the factual allegations of the complaint are taken as true. *Bricklayers*, 779 F.3d at 187.

## III. JURISDICTION AND VENUE

### A. Subject Matter Jurisdiction

Pursuant to 28 U.S.C. §§ 1331 *and* 1338(a), the Court has original jurisdiction over Plaintiff's claims pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*.

### B. Service of Process

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). "For a federal court to exercise personal jurisdiction over a defendant, the plaintiff's service of process upon the defendant must have been procedurally proper." *Windward Bora, LLC v. Valencia*, No. 19-CV-4147 (NGG)(RER), 2020 WL 6470293, at *2 (E.D.N.Y. Oct. 16, 2020), *adopted by* 2020 WL 6450286 (E.D.N.Y. Nov. 3, 2020) (cleaned up); *see Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 54 (2d Cir.

2017) (summ. order) ("Among other things, the moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served with process.") (citing 10A Charles Alan Wright et al., *Fed. Prac. & Proc.* § 2682 (4th ed. 2008))).  Plaintiff properly served Defendant by delivering copies of the Summons and Complaint with the New York Secretary of State. Fed. R. Civ. P. 4(h)(1)(A), (e)(1); N.Y. Ltd. Liab. L. § 303(a)(1); N.Y. C.P.L.R. § 311-a(a)(iii).

### C.    Venue

"[A] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(a)(1).  A corporation is deemed to be a resident of "any district" in "a state which has more than one judicial district and in which . . . [that] corporation is subject to personal jurisdiction at the time an action is commenced." 28 U.S.C. § 1391(d).  Here, based on the allegations in the Complaint, Defendant is subject to personal jurisdiction in New York state because its principal place of business is in New York.  (Compl. ¶ 2.)  Therefore, venue is proper in this district.  *See* 28 U.S.C. § 1391(d); *see also* 28 U.S.C. § 1391(a)(1).

## IV.    DEFAULT JUDGMENT FACTORS

Courts use the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Avail 1 LLC v. Latief*, No. 17-CV-5841 (FB)(VMS), 2020 WL 5633869, at *4 (E.D.N.Y. Aug. 14, 2020).  Specifically, courts examine "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment."  *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB),

2019 WL 2233828, at *3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)).

As to the first factor of willfulness, a defendant's failure to answer a complaint and respond to a motion for default judgment is considered willful. *United States v. Ireland*, No. 15-CV-3397 (JS)(AYS), 2016 WL 5376248, at *4 (E.D.N.Y. Aug. 8, 2016), *adopted by* 2016 WL 5372801 (E.D.N.Y. Sept. 26, 2016); *Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-CV-346 (DRH)(AKT), 2019 WL 1590931, at *6 (E.D.N.Y. Mar. 13, 2019), *adopted by* 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019) ("When a defendant is continually and 'entirely unresponsive,' defendant's failure to respond is considered willful."). Assuming Defendant was properly served, its conduct demonstrates willfulness.

Second, without an answer to the Complaint, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances." *Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214 (DG)(AKT), 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), *adopted by* 2021 WL 4248857 (E.D.N.Y. Sept. 17, 2021). As noted, Defendant has failed to answer or provide any defense to Plaintiff's claims. Accordingly, a default is warranted.

Third, Plaintiff will be prejudiced if the motion for default judgment is denied because he has "no alternative legal redress." *United States v. Myers*, 236 F. Supp. 3d 702, 708–09 (E.D.N.Y. 2017). In other words, "[w]ithout the entry of a default judgment, Plaintiff[] would be unable to recover for the claims adequately set forth in the Complaint." *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721 (MKB)(SJB), 2019 WL 312149, at *4 (E.D.N.Y. Jan. 3, 2019) (first alteration in original) (quoting *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946 (JS)(AKT), 2015 WL 1299259, at *15 (E.D.N.Y. Mar. 23,

2015)).  Based on the foregoing, entry of default judgment is permissible.  The Court now turns to the issue of liability.

## V.    <u>LIABILITY</u>

"Anyone who violates any of the exclusive rights of [a] copyright owner . . . is an infringer of the copyright or right of the author[.]"  17 U.S.C. § 501(a).  The copyright owner's "exclusive rights" include "any of the following: (1) to reproduce the copyrighted work in copies . . . ; (2) to prepare derivative works based upon the copyrighted work; [or] (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending."  *Id.* § 106; *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 44 (2d Cir. 2018).  For a copyright holder to establish infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Haker v. Tentree Int'l Inc.*, No. 20-CV-1499 (KAM)(RML), 2021 WL 3884195, at *3 (E.D.N.Y. Aug. 31, 2021) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

### A.    **Ownership of a Valid Copyright**

As to the first element, Plaintiff establishes his ownership of a valid copyright.  The Complaint alleges that Plaintiff captured the Photograph, registered it with the United States Copyright Office, and is "the owner of the [Photograph] and has remained the owner at all times material hereto."  (Compl. ¶¶ 12–14; *see also id.* Ex. A, ECF No. 1 at 12 (Certificate of Registration listing the Photograph).)  Plaintiff also attaches a copy of the Photograph.  (Compl. ¶ 12.)  In the context of a default judgment, where the well-pleaded allegations in the complaint are accepted as true, no further proof of ownership is required.  *See Fleishman v. World Bride Magazine, LLC*, No. 19-CV-5595 (EK)(LB), 2020 WL 7774843, at *2 (E.D.N.Y.

Oct. 27, 2020) (granting motion for default judgment where "[t]he complaint alleges that plaintiff is the author of the Photograph, its sole copyright owner, and the Photograph was registered with the Copyright Office.")

Plaintiff also attaches the Certificate dated June 30, 2017, listing himself as the author of the Photograph, as proof of the copyright's validity.  (Compl. Ex. A, ECF No. 1 at 12.)  A certificate of registration within five years after first publication of a copyrighted work is *prima facie* evidence of the validity of the copyright."  17 U.S.C. § 410(c); *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003).  Here, Plaintiff published the Photograph between April 1, 2017 and June 30, 2017, before the Certificate was issued.  (Compl. Ex. A, ECF No. 1 at 10, 12.)[4]  And, "because Defendants have failed to offer evidence showing that the certificate of registration is invalid, Plaintiff sufficiently established his valid ownership of the copyright."  *Simhaq v. Kid Carter Touring, Inc.*, No. 20-CV-2057 (RPK)(RER), 2021 WL 3810754, at *3 (E.D.N.Y. Aug. 11, 2021), *adopted by* 2021 WL 3793876 (E.D.N.Y. Aug. 26, 2021).

### B.    Copying of Constituent Elements

"To establish the second element of a copyright infringement claim, the '[p]laintiff must meet a 'minimal' burden to show that the Photograph is his [or her] original work and allege a violation of his [or her] exclusive rights under § 106.'"  *Parsons v Bong Mines Ent. LLC*, No. 19-CV-0813 (JMA)(AKT), 2021 WL 931506, at *6 (E.D.N.Y. Feb. 18, 2021) (alterations in original), *adopted by* 2021 WL 930259 (E.D.N.Y. Mar. 11, 2021) (quoting

---

[4] The Complaint states that the Photograph was registered on **July** 30, 2017, but the Certificate lists the correct date of **June** 30, 2017.  (*Compare* Compl. ¶ 13, *with* Compl. Ex. A, ECF No. 1 at 10.)

*Pasatieri v. Starline Prods., Inc.*, No. 18-CV-4688 (PKC)(VMS), 2020 WL 207352, at \*4 (E.D.N.Y. Jan. 14, 2020)).  "In the context of copyright cases, original 'means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity.'" *Bittichesu v. Lucia Lighting & Design, Inc.*, No. 2:20-CV-1612 (PKC)(RML), 2021 WL 3354298, at \*3 (E.D.N.Y. June 28, 2021) (quoting *Feist Publ'ns*, 499 U.S. at 345).  "For photographs, originality may be founded upon . . . [their] subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." *Bittichesu*, 2021 WL 3354298, at \*3 (alteration in original) (quoting *Pasatieri*, 2020 WL 207352, at \*2).

Plaintiff sufficiently pleads the originality of his work and a violation of his exclusive rights as copyright owner.  Plaintiff claims that he created and registered the Photograph and that, sometime thereafter, Defendant published the Photograph on its business website, for commercial use, without seeking or obtaining his permission.  (Compl. ¶¶ 12–13, 16, 18–20; *see also id.* Ex. B, ECF No. 1 at 16–17.)  Plaintiff also attaches copies of the original Photograph and as published on the Defendant website, which he discovered in October 2021.  (Compl. ¶¶ 12, 21; *id.*, Ex. B, ECF No. 1 at 16–17.)  The two versions of the Photograph are virtually identical in depicting the Home Depot from the same angle, with the same car and people visible, and with the same lighting and background.  (*Compare* Compl. ¶ 12, *with*

Compl. Ex. B, ECF No. 1 at 16–17.)  These facts are sufficient to establish the second element

of a copyright infringement claim.  *Parsons*, 2021 WL 931506, at *6 (collecting cases).

Based on the foregoing, the Court respectfully recommends a default judgment should

be entered against Defendant for copyright infringement under the Copyright Act.

## VI.   **DAMAGES**

"While a party's default is deemed to constitute a concession of all well pleaded

allegations of liability, it is not considered an admission of damages."  *Bricklayers*, 779 F.3d

at 189 (cleaned up).  Rather, "[t]he [C]ourt must be satisfied that Plaintiff has met the burden

of proving damages to the [C]ourt with reasonable certainty."  *Balhetchet v. Su Caso Mktg.,*

*Inc.*, No. 19-CV-4475 (PKC)(SJB), 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020)

(cleaned up).   Courts must determine "damages with reasonable certainty," and avoid

impermissible speculation.  *Pasatieri*, 2020 WL 5913190, at *2 (quoting *Credit Lyonnais Sec.*

*(USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  Here, Plaintiff requests a total of

$26,204.50 in actual and statutory damages for copyright infringement, as well as prejudgment

interest, a permanent injunction enjoining Defendant "from infringing activities," and

attorney's fees and costs.  (Mot., ECF No. 11 at 9–15.)

Under the Copyright Act, an infringer is liable for either "(1) the copyright owner's

actual damages and any additional profits of the infringer . . . or (2) statutory damages."

17 U.S.C. § 504(a); *Martinka v. Yeshiva World News, LLC*, No. 20-CV-5330 (KAM)(VMS),

2022 WL 4484655, at *6 (E.D.N.Y. Sept. 27, 2022) (citing *Twin Peaks Prods., Inc. v. Publ'ns*

*Int'l*, 996 F.2d 1366, 1380 (2d Cir. 1993)).  A plaintiff's recovery is limited to damages

incurred during the three years before filing suit—in this case, between December 31, 2018

and December 31, 2021.  *Sohm v. Scholastic Inc.*, 959 F.3d 39, 52 (2d Cir. 2020).  Plaintiff

elects to pursue statutory damages for Defendant's willful infringement. (*See* Mot., ECF No. 11 at 9–13.)

### A.    Statutory Damages

Under the Copyright Act, a court may award statutory damages of not less than $750 and not more than $30,000, as the court deems just. 17 U.S.C. § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). When determining the amount of statutory damages to award for copyright infringement, courts consider six factors:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods.*, 603 F.3d 135, 144 (2d Cir. 2010). "District courts enjoy wide discretion in setting statutory damages." *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 171 (2d Cir. 2020) (citing *Bryant*, 603 F.3d at 143). "Courts in this Circuit have typically awarded statutory damages between $1,000 and $5,000 in cases of single use copyright infringement, such as this one." *Alvarado v. VNY Media Corp.*, No. 21-CV-4565 (KAM)(LB), 2022 WL 2834655, at *4 (E.D.N.Y. July 20, 2022).

Plaintiff seeks $22,500 "to compensate Plaintiff for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages, and to deter future violations of copyright law." (Mot., ECF No. 11 at 13.) Plaintiff attaches

five invoices for licensing his other photographs to various media outlets, with fees ranging from $650 to 2,100.  (*Id.* ¶ 14; *see also id.* Exs. 1-5, ECF No. 11-1 at 6–15.).

"With respect to the first factor—the infringer's state of mind—it may be inferred that the corporate Defendant's infringement was willful as a result of its default."  *Parsons*, 2021 WL 931506, at *6 (collecting cases).  Since 2018, Defendant has infringed on Plaintiff's copyright by displaying the Photograph on its website.  This unlawful conduct continues despite Plaintiff's written notification to Defendant of its unauthorized use of the Photograph and Plaintiff "has been unable to negotiate a reasonable license of the past infringement".  (*See* Compl. ¶ 21.)  Moreover, Defendant is well aware of copyright principles—fewer than six months ago, a court ruled that Defendant infringed on another photographer's copyright by displaying her work on its website without attribution or license.  *Martinka*, 2022 WL 4484655, at *3–4.  Tellingly, Defendant's website includes the notation "© 2021 | The Yeshiva World. All rights reserved",[5] raising an inference that Defendant knows that a copyright owner must be compensated for use of their work.  Therefore, this factor weighs in favor of substantial statutory damages.  *See Seelie v. Original Media Grp. LLC*, No. 19-CV-5643 (BMC), 2020 WL 136659, at *4 (E.D.N.Y. Jan. 13, 2020) ("Given the punitive and deterrence considerations inherent in fixing a statutory award, . . . whether a defendant is a serial copyright violator, and the level of defendant's gross revenues, bear heavily on the appropriate amount of statutory damages.").

For the second and third factors, the infringer's profits and the copyright holder's losses, the record evidence supports a substantial statutory award that is less than Plaintiff's

---

[5] The Yeshiva World, https://www.theyeshivaworld.com (last visited Mar. 16, 2023).

requested relief.  Plaintiff argues that he would have licensed the Photograph for "a $1,500 annual license fee" based on his normal licensing rates and the use of the Photograph on a blog, or $4,500 for the three-year statutory damages period.  (Pl.'s Decl., ECF No. 11-1 at 3 ¶ 16.)  While a $1,500 license fee falls within Plaintiff's historical range, the Court cannot conclude that Plaintiff would have imposed the fee annually for use of the Photograph on Defendant's website.  Plaintiff concedes that he usually offers a one-time license for use of his photographs.  (Compl. ¶ 11.)  As for the invoices, three are silent regarding terms of use, merely stating the licensing fee with no mention of dates or duration of coverage.  (Pl.'s Decl. Exs. 1–3, ECF No. 11-1 at 6–11.)  The remaining two invoices permit use for an "unlimited term" or "for use across all . . . platforms,"  but do not state how often the licensee pays the fees charged ($675 and $2,000, respectively).  (*Id.* Exs. 4–5, ECF No. 11-1 at 12–15.)  No invoice claims to impose an annual fee for use of Plaintiff's photographs.  Instead, the record suggests that Plaintiff negotiates one-time usage fees with his clients unless otherwise stated. As Plaintiff bears the burden of proof, the Court finds that Plaintiff has only shown losses of $1,500 total, not $1,500 annually, since Defendant published the Photograph.  This factor supports statutory damages of at least $1,500.

As for the fourth factor, the deterrent effect on the infringer, supports a substantial statutory damages award.  "Where, as here, the defendant is in the publishing industry, there is a deterrent value in assessing statutory damages because such defendants are in a position to repeat the unauthorized reproduction of copyrighted material," as Defendant has done. *Parsons*, 2021 WL 931506, at *9 (citations omitted); *see generally Martinka*, 2022 WL 4484655 at *3–8.

13

"[T]he fifth factor – the infringer's cooperation (or lack thereof) in providing evidence of the value of the infringing material – weighs in favor of Plaintiff by virtue of Defendant's default." *Id.* at *6 (citing *Alvarado*, 2022 WL 2834655, at *3.  Because Defendant fails to respond to Plaintiff's allegations even while continuing to use Plaintiff's work, there is no discovery to reveal the value of the use of the Photograph on Defendant's website, such an increased traffic to Defendant's website or a related increase in advertising revenue.  This factor also supports a statutory damages award.

Finally, as to the sixth factor relating to the conduct and attitude of the parties, the Court finds that Defendant's conduct in defaulting weighs in favor of a substantial statutory damages award. *Cf. Parsons*, 2021 WL 931506, at *10 (finding that defendant's default supports a substantial award if supported by evidence such as licensing history).

Based on the foregoing factors, the Court respectfully recommends awarding statutory damages of $7,500, or five times the $1,500 licensing fee that Defendant would have paid Plaintiff to publish the Photograph. *Korzeniewski*, 2019 WL 312149, at *8 ("In determining by how much a statutory award should exceed a plaintiff's regular licensing fee, courts in this circuit typically apply a multiplier between three and five.").

### B.    Permanent Injunction

Plaintiff seeks a permanent injunction enjoining Defendant from continuing to display or otherwise use the Photograph without his consent. (Compl. ¶ 35(f); Mot., ECF No. 11 at 13–14.)  A court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).

Here, "Plaintiff has met the threshold inquiry of actual success on the merits; that success is based on Defendant['s] default and the Court's subsequent determination of

liability."  *Gogo Apparel, Inc. v. Daruk Imports, Inc.*, No. 19-CV-5701 (LGS)(SDA), 2020 WL 4274793, at *8 (S.D.N.Y. June 11, 2020), *adopted by* 2020 WL 4271694 (S.D.N.Y. July 23, 2020).  Thus, to obtain a permanent injunction, Plaintiff must show:

> (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).  "Courts routinely grant injunctive relief in copyright cases where liability is established and there is a threat of continuing infringement."  *Wareka v. Dryluxe LLC*, No. 21-CV-2422 (MKB)(LB), 2022 WL 2467544, at *3 (E.D.N.Y. Apr. 7, 2022) (quotations and citation omitted), *adopted by* 2022 WL 2753106 (E.D.N.Y. July 14, 2022).

All four factors weigh in favor of issuing a permanent injunction.  *First*, courts issue injunctions in copyright cases because it is "notoriously difficult" to prove the loss of sales due to infringement and "the threat of continuing violations establishes the necessary irreparable harm."  *See, e.g.*, *Wareka*, 2022 WL 2467544, at *4; *Korzeniewski*, 2019 WL 312149, at *9. Specifically, Plaintiff has established a threat of continuing violations because Defendant did not defend this action and ignored Plaintiff's requests to remove the Photograph from its website.  (*See* Compl. ¶ 21); *Korzeniewski*, 2019 WL 312149, at *9.

*Second*, Defendant's continuing infringement establishes the second element because "[a] plaintiff has no adequate remedy at law where, absent an injunction, the defendant is likely to continue infringing its copyright[ ]."  *Korzeniewski*, 2019 WL 312149, at *9 (citation

15

omitted).   Indeed, the infringement continues to this day, as the Photograph is still on Defendant's website.

*Third*, the balance of hardship favors Plaintiff where, as here, Defendant has failed to appear and thus identify any legitimate hardship.  *Wareka*, 2022 WL 2467544, at *4; *see, e.g.*, *Malibu Media, LLC v. Doe*, No. 19-CV-3806 (DRH)(SIL), 2020 WL 8093340, at *4 (E.D.N.Y. Dec. 2, 2020) ("[I]t is axiomatic that an infringer cannot complain about the loss of ability to offer its infringing product.") (citation omitted)), *adopted by* 2021 WL 123369 (E.D.N.Y. Jan. 13, 2021).

Finally, "enjoining [D]efendant from using the Photograph[ ] would not disserve the public interest as the public has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work."  *Wareka*, 2022 WL 2467544, at *4 (quotations and citation omitted).

Because all four factors are satisfied, the Court respectfully recommends entry of a permanent injunction enjoining Defendant from continuing to infringe Plaintiff's copyright in the Photograph.

### C.    Prejudgment Interest

Plaintiff makes a passing request for prejudgment interest in the motion papers but provides no supporting facts or law.  (Mot., ECF No. 11 at 15; *see generally* Mot., ECF No. 11.)  The Copyright Act does not expressly provide for prejudgment interest, and the decision to award such interest lies within the court's discretion.  *See, e.g.*, *Samsonite IP Holdings S.ar.l. v. Shenzhen Liangyiyou E-Commerce Co., Ltd.*, No. 19-CV-2564 (PGG)(DF), 2021 WL 9036273, at *18 (S.D.N.Y. Apr. 27, 2021).  Here, considering the lack of argument or supporting law as to the request for prejudgment interest, or any details about the request (such

as the applicable rate or the period during which the interest would apply), the Court considers this argument waived. *See Root Bros. Farms v. Big Produce, Inc.*, 21-CV-1962 (EK)(MMH), 2022 WL 4586185, at *8 (E.D.N.Y. Aug. 2, 2022) (finding claim waived when not "pursue[d]" in default judgment motion), *adopted by* 2022 WL 4586350 (E.D.N.Y. Sept. 29, 2022). Accordingly, the Court respectfully recommends that Plaintiff's request for prejudgment interest should be denied.

### D.   Attorney's Fees

Plaintiff requests $3,132.50 in attorney's fees based on 9.4 hours of work for attorneys and support staff.  (Mot., ECF No. 11 at 13.)  In copyright cases, a court may award reasonable attorney's fees to Plaintiff as the prevailing party.  17 U.S.C. § 505.  "An award of attorney's fees to a plaintiff in a copyright action is generally appropriate where the defendant has defaulted."  *Martinka*, 2022 WL 4484655, at *7 (internal citation and quotation marks omitted).  This Court relies on the product of a reasonable hourly rate and the reasonable number of hours required by the case as a presumptively reasonable rate.  *See id.*  The applicant bears the burden to demonstrate reasonableness.  *Phillips v. TraxNYC Corp.*, No. 21-CV-528 (LDH)(MMH), 2023 WL 1987206, at *11 (E.D.N.Y. Feb. 14, 2023), *adopted by* Dkt. Order, No. 21-CV-528 (LDH)(MMH) (E.D.N.Y. Mar. 14, 2023).

### 1.   *Hourly Rate*

"In copyright cases, courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff."  *Martinka*, 2022 WL 4484655, at

*7 (quoting *Haker*, 2021 WL 3884195, at *6 (collecting cases)) (quotation marks and brackets omitted).

The Court finds the hourly rates for each attorney to be reasonable.  Lead counsel Daniel DeSouza requests an hourly rate of $450 based on nearly 18 years' experience in complex commercial and intellectual property litigation in state and federal courts.  (DeSouza Decl., ECF No. 11-2 ¶¶ 3–4.)  Associate counsel Lauren Hausman's rate was reduced from $300 to $250 in part because she graduated from law school in 2021.  (*See id.* ¶¶ 5, 13.)  These rates are close to hourly rates that this Court has awarded for partners and junior associates, and therefore are reasonable.  *See, e.g.*, *Martinka*, 2022 WL 4484655, at *7.

However, the Court finds that the paralegal's $125 hourly rate is not consistent with rates awarded by courts in this district for similar copyright cases. *See, e.g.*, *id.* (noting hourly rates of "$70 to $100" for legal support staff); *Prokos v. IQ Homes & Co. Inc.*, No. 20-CV-1220 (EK)(RER), 2021 WL 982878, at *7 (E.D.N.Y. Feb. 11, 2021), *adopted by* 2021 WL 980869 (E.D.N.Y. Mar. 16, 2021) (awarding attorney's fees based in part on paralegal's $100 hourly rate).  Despite bearing the burden of proof, Plaintiff offers no information about the paralegal's educational or professional experience, special language skills, or other qualifications that justify $125 per hour.  Instead, "a $100 hourly fee for paralegals assisting with intellectual property cases has been found reasonable."  *Wareka*, 2022 WL 2467544, at *6  (citing cases).  The Court thus reduces the paralegal rate to $100 per hour.

### 2.    *Reasonable Hours Expended*

The Court also finds that the number of hours expended in this case are reasonable, based on the records attached to the motion.  *See Myeress*, 2018 WL 5961424, at *5 (in copyright action on motion for default judgment, denying attorney's fees based on 18.2 hours

billed as "excessive" and awarding fees based on nine hours billed); *Phillips*, 2023 WL 1987206, at *10 (in copyright default judgment action, awarding attorney's fees based on nine hours billed). Here, counsel billed 4.1 hours by the partner, 5 hours by a junior associate, and 0.3 by a paralegal, each performing substantive or administrative tasks commensurate with their respective levels of experience. *See Prokos*, 2021 WL 982878, at *7.

Accordingly, the Court respectfully recommends an award of $3,125 in attorney's fees.[6]

### E.    Costs

Finally, Plaintiff requests $572 in costs, which includes $402 in filing fees and $170 for service of process. (DeSouza Decl., ECF No. 11-2 at 5.) "The court in its discretion may allow the recovery of full costs by or against any party[.]" 17 U.S.C. § 505; *Alvarado v. VNY Media Corp.*, 21-CV-4565 (KAM)(LB), 2022 WL 2834655, at *5–6 (E.D.N.Y. July 20, 2022). *First*, "[t]he Court permissibly takes judicial notice of the docket notations for paid filing fees." *Phillips*, 2023 WL 1987206, at *11. The docket reflects that Plaintiff paid the $402 filing fee. (ECF No. 1 Dkt. Entry.) *Second*, Plaintiff supports the request for process server fees with

---

[6] The total attorney's fees is calculated as: ($450 x 4.1 hours) + ($250 x 5.0 hours) + ($100 x 0.3 hours) = $3,125.

receipts reflecting $170 in costs incurred. (*See* DeSouza Decl., ECF No. 11-2 at 10–16; Summons, ECF No. 8.)

Therefore, the Court respectfully recommends that Plaintiff should be awarded a total of $572 in costs.

## VII.   <u>CONCLUSION</u>

In summary, the Court finds that Plaintiff sufficiently alleges Defendant's infringement under Section 504 of the Copyright Act.  Accordingly, the Court respectfully recommends **granting in part** Plaintiff's motion for default judgment as follows: (1) a default judgment should be entered against Defendant, (2) a preliminary injunction should be issued against Defendant to remove the Photograph from its website and to refrain permanently from infringing upon Plaintiff's copyright, and (3) Plaintiff should be awarded damages in the total sum of $11,197, which includes (a) $7,500 in statutory damages pursuant to the Copyright Act; (b) $3,125 in attorney's fees; and (c) $572 in costs.

A copy of this Report and Recommendation is being served on Plaintiff via ECF. Plaintiff is directed to serve a copy of this Report and Recommendation on Defendant forthwith.  The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Defendant at the following addresses:

>Yeshiva World News, LLC
>1412 Avenue M, Suite 2411
>Brooklyn, NY 11230-5213

>Yeshiva World News, LLC
>1820 Avenue M, Suite 2411
>Brooklyn, NY 11230

>Yeshiva World News, LLC
>1208 Avenue M, Suite 2411
>Brooklyn, NY 11230

Within 14 days of service, any party may serve and file objections to this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Any requests for an extension of time to file objections shall be directed to Judge Donnelly.  If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision.  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 16, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge