UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CHRISTOPHER SADOWSKI,                           :
                                                :
                              Plaintiff,     :
                                                :        ORDER
      -against-                                :
                                                :
YESHIVA WORLD NEWS, LLC,                        :        21-CV-7207 (AMD)(MMH)
                                                :
                              Defendant.    :
------------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

        Plaintiff Christopher Sadowski sued Defendant Yeshiva World News, LLC, alleging infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, after Defendant published his copyrighted photograph without permission or attribution. (*See generally* Compl., ECF No. 1.)[1] On March 31, 2023, upon motion, the Court entered default judgment against Defendant, issued a preliminary injunction requiring Defendant to refrain permanently from infringing upon Plaintiff's copyright, and awarded damages to Plaintiff in the total sum of $11,197. (*See* ECF Nos. 14–16.) In April 2023, Plaintiff served post-judgment requests for production and interrogatories on Defendant, to which Defendant has failed to respond to date. (*See* Mot. Ex. A, ECF No. 18-1.) Before the Court is Plaintiff's motion to compel Defendant's responses and for reasonable attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a). (*See generally* Mot., ECF No. 18.) For the reasons stated below, the motion is **granted**.

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

I.  **MOTION TO COMPEL PRODUCTION**

As a threshold matter, the basis for Plaintiff's discovery demands is Fed. R. Civ. P. 69(a)(2), which provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules[.]"  Fed. R. Civ. P. 69(a)(2).  "Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure."  *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) (quoting *First City, Texas–Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002)). Indeed, judgment creditors have "wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings." *See Republic of Guatemala v. IC Power Asia Dev. Ltd.*, No. 22-CV-394 (CM)(JW), 2023 WL 3294277, at *2 (S.D.N.Y. May 5, 2023) (quoting *Donoghe v. Astro Aerospace Ltd.*, No. 19-CV-7991 (JPO), 2022 WL 17095249, at *1 (S.D.N.Y. Nov. 21, 2022)) (granting post-judgement discovery motion after entering default judgment); *see also EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014) ("The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment.").

Plaintiff's motion is correctly asserted pursuant to Rule 37(a), which permits a party to move for an order compelling disclosure or discovery upon notice.  Fed. R. Civ. P. 37(a)(1); *see also* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(v) (specifically permitting motions to compel responses to interrogatories and requests for production); Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 3014 (3d ed.) ("A judgment creditor may use the discovery devices provided in Civil Rules 26 to 37 . . . ."). A movant must certify that he has conferred or attempted to confer

2

with the non-disclosing party in good faith before seeking the Court's intervention. Fed. R. Civ. P. 37(a)(1).

Here, Plaintiff's requests for production and interrogatories "concern[] the assets and liabilities of a judgment debtor." *IC Power Asia*, 2023 WL l3294277, at *2. Specifically, Plaintiff seeks, *inter alia*, federal income tax returns, personal finance and bank information, motor vehicle or vessel documents, real property documents, corporate ownership documents, employment contracts, copyright and patent information, etc. (*See* Mot. Ex. A, ECF No. 18-1.) Such requests fall squarely within the type of requests routinely issued in post-judgment discovery. See *Libaire*, 760 F. Supp. 2d at 296 (approving similar types of requests stated in a Fed. R. Civ. P. 45 subpoena).

Additionally, the Court finds that "Defendant has waived any objections to [Plaintiff's] discovery demands based on Defendant's failure to timely respond in writing as required or object to the demands pursuant to Fed. R. Civ. P. 34." *Gesualdi v. Oyster Bay Sand & Gravel, Inc.*, No, 11-CV-796 (JFB)(AKT), 2015 WL 1509481, at *3 (E.D.N.Y. Mar. 31, 2015) (granting post-judgment discovery motion after entering default judgment). In this case, Defendant has not responded at all to any of Plaintiff's propounded discovery requests or any other communications.

For these reasons, Plaintiff's motion to compel production is granted.

## II.    MOTION FOR ATTORNEY'S FEES

If a court grants a motion to compel, "the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith

3

to obtain the disclosure or discovery without court "action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37; *see IC Power Asia*, 2023 WL l3294277, at *3 (granting movant's request for "reasonable attorney's fees").

Here, an award of attorney's fees is warranted. Plaintiff certified that he in good faith conferred or attempted to confer with Defendant before filing this motion. (*See* Mot., ECF No. 18 at 3; Mot. Ex. A, ECF No. 18-1 at 18.) Indeed, Plaintiff served discovery requests via United States mail and contacted Defendant multiple times to discuss its obligations to respond. (*See* Mot., ECF No. 18 at 1.) And "there is nothing to suggest that [Defendant's] noncompliance was justified or that any other circumstances exist that would make an award of fees unjust." *IC Power Asia*, 2023 WL 3294277, at *3. In fact, Defendant's failure to respond to Plaintiff's discovery demands is consistent with Defendant's willful conduct that led to the entry of default judgment. Accordingly, Plaintiff is entitled to reasonable attorney's fees for bringing this motion.

### III.    CONCLUSION

Based on the foregoing, Plaintiff's motion to compel at ECF No. 18 is **granted**. Defendant shall respond to Plaintiff's requests for production and interrogatories by **October 31, 2023**. By the same date, Plaintiff shall submit a declaration detailing the reasonable attorney's fees and costs incurred in making this motion and shall attach receipts and contemporaneous billing records to support any calculated fees.

Plaintiff shall serve a copy of this Order upon Defendant by **October 17, 2023,** and shall file proof of service by **October 18, 2023**.

**SO ORDERED.**

Brooklyn, New York
October 16, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge